IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Amanda Minech<br>Debtor | Bankruptcy No. 18-21030 GLT |
| | Chapter 7 |
| Amanda Minech<br>    Movant<br>    vs.<br>Clearview Federal Credit Union and Natalie<br>Lutz Cardiello, Chapter 7 Trustee<br>    Respondents | Related to Document No. |

## MOTION FOR CIVIL CONTEMPT TO ENFORCE THE DISCHARGE INJUNCTION AGAINST CLEARVIEW FEDERAL CREDIT UNION

AND NOW, comes the Movant, Amanda Minech, by her attorney, Mary Bower Sheats, Esquire, and sets forth the following in support of her Motion for Civil Contempt to enforce the discharge injunction:

1. This Honorable Court has jurisdiction in this core proceeding pursuant to 28 U.S.C.§157(b). Venue is appropriate pursuant to 28 U.S.C.§1409.

2. The Movant is the Debtor in the above captioned proceeding under Chapter 7 of Title 11, U.S.C.

3. The Respondent, Clearview Federal Credit Union, is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania, and has its usual office or place of business at 8805 University Boulevard, Moon Township, Pennsylvania, 15108.

4. The Respondent, Natalie Lutz Cardiello, Esquire, is the chapter 7 Trustee appointed to serve in the above captioned proceeding.

5. On March 19, 2018, the Debtor filed a voluntary petition pursuant to chapter 7 of title 11, U.S.C., and on July 11, 2018, the Debtor received her chapter 7 discharge at document no. 16 in the above captioned case. (Exhibit "1")

6. In her bankruptcy petition, which the Debtor filed with this Honorable Court on March 19, 2018, Debtor listed Clearview Federal Credit Union as one of her creditors on Debtor's schedules "D" and "F". True and correct copies of Debtor's aforesaid schedules, filed with this Court, listing Clearview Federal Credit Union as both an unsecured creditor, and a secured creditor in this case, are attached hereto, and marked Exhibit "2".

7. The Debtor never reaffirmed any of her debts with Respondent Clearview Federal Credit Union.

8. On or about July 15, 2020, Debtor received notice that Clearview Federal Credit Union reported to Experian that it had charged off debtor's account no. 112512xx, and that $634 was past due. A true and correct copy of the notice that Debtor received, is attached hereto and marked Exhibit "3".

9. The account that Clearview Federal Credit Union reported as a charge off in fact was discharged in the Debtor's bankruptcy, and it is listed on her schedule D (Exhibit 2 attached hereto).

10. On January 26, 2021, Respondent again reported the same account as a charge off on debtor's credit report. A true and correct copy of debtor's credit report, including the updated charge off as of January 26, 2021, (at page 26 of the credit report), is attached hereto and marked Exhibit 4.

11. The debtor disputed this report with Experian, because the account had been discharged in bankruptcy and should not have been reported as a charge off more than two years after her discharge.

12. Experian contacted the Respondent, Clearview Federal Credit Union, and the Respondent informed Experian that the report was accurate. A true and correct copy of Experian's notice to the debtor of the dispute results is attached hereto, marked Exhibit "5" and made part hereof.

13. Debtor's current credit report, (Exhibit 4), reflects, at pages 26-30, that the charge-off notice

that the Respondent filed against her in July, 2020, and that the Respondent updated on January 26, 2021, as having a balance of $634; (at page 26 of the attached report), relates to the same account that the Respondent also reported, at page 30 of the attached credit report, as an account discharged in bankruptcy in 2018. (Exhibit "4").

14.     On January 29, 2021, Debtor sought credit assistance to remove the Respondent's adverse credit report against her; she was advised to pay off the Respondent in order to increase her credit score. A true and correct copy of the notice to pay off Respondent is attached hereto, and marked Exhibit "6".

15.     The debtor next contacted undersigned bankruptcy counsel for help to remove the Respondent's adverse credit report.

16.     On February 3, 2021, undersigned counsel sent a letter to Doug Montanari, Chairperson of the Board of Directors of Respondent Clearview Federal Credit Union, asking that the Respondent remove the adverse credit report. True and correct copies of Counsel's letter, and the tracking information, showing that the letter was delivered via priority mail, are attached hereto, and marked Exhibits "7", "7-A", and "7-B".

17.     Pursuant to the attached exhibit "6", undersigned counsel requested the Respondent to contact counsel immediately regarding the removal of the aforesaid adverse report from debtor's credit report.

18.     Neither the respondent nor the respondent's attorneys have made any effort to contact undersigned counsel to regarding the aforesaid request to remove the adverse credit report from the debtor's credit.

19.     The Respondent Clearview Federal Credit Union has willfully violated the discharge injunction by improperly reporting a discharged debt to the credit reporting agencies as a charge off rather than a debt that was discharged in bankruptcy.

20. The Respondent's aforesaid deliberate and willful actions, in violation of the discharge injunction, damaged the debtor's credit, lowered the debtor's credit score, and caused damage to the debtor.

21. The aforesaid actions of the Respondent Clearview Federal Credit Union, against the debtor, are not within 11 U.S.C. §524(j).

22. As the direct and proximate result of the Respondent's aforesaid adverse report against the debtor, her credit score dropped by more than 26 points, rendering her ineligible for the mortgage loan that she had been seeking in order to purchase a residence for herself and her minor child.

23. Debtor would have been eligible for an FHA mortgage loan, but for the Respondent's adverse credit report against her, because her credit score dropped below the level which she needs in order to qualify for the mortgage loan.

24. The Respondent's willful violation of the discharge injunction has prevented the debtor from qualifying for a mortgage to purchase the home of her choice for herself and her minor child.

25. As the direct and proximate result of Respondent's willful violation of the discharge injunction, the debtor and her child have been forced to remain in a rented dwelling, and the debtor has lost her chance to purchase the home of her choice.

26. As the direct and proximate result of the Respondent's violation of the discharge injunction, the debtor has suffered damages in excess of $10,000, and, in addition, the Debtor has been forced to incur counsel fees and expenses in excess of $2,500, for this proceeding, as the direct and proximate result of the Respondent Clearview Federal Credit Union's deliberate and willful refusal to withdraw the contemptuous adverse credit report against the debtor, in violation of the discharge injunction.

WHEREFORE, Debtor respectfully requests this Honorable Court to enter the attached order, directing the Respondent to remove the adverse charge off report from the debtor's credit

report, and awarding $12,500 to the debtor as consequential damages and sanctions against Respondent Clearview Federal Credit Union, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/Mary Bower Sheats
Mary Bower Sheats, Esquire
PA I.D. #27911
1195 Washington Pike, Suite 325
Bridgeville, Pa 15017
412-281-7266
Mary@mbsheatslaw.com